IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

REMBERTO VASQUEZ, and all others
similarly situated,

    Plaintiff,

vs.                                                           **Collective Action**

BENIHANA NATIONAL CORP.,
a Foreign Corporation,

    Defendant.
_____/

## COMPLAINT

### I. INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA"), and Florida common law, to recover unpaid overtime and unpaid wages on behalf of Plaintiff REMBERTO VASQUEZ (hereinafter "VASQUEZ"), and all others similarly-situated to him who were formerly, or are currently, employed as hibachi chefs by Defendant BENIHANA NATIONAL CORP. (hereinafter referred to as "Defendant").

2. Defendant employs these employees within the Southern District of Florida to prepare food at several of its restaurants located throughout South Florida and the nation alike.

3. Throughout the liability period, Defendant has owned and operated several restaurants within the Southern District of Florida.

4. For at least three years prior to the filing of this complaint and continuing (hereinafter "Liability Period"), Defendant has had policies and practices to require its hibachi chefs to work off the clock without compensation.

5. Pursuant to the FLSA, Plaintiff, on behalf of himself and all others similarly situated to him who were formerly, or are currently, employed as hibachi chefs for Defendant during the liability period, seeks unpaid overtime and unpaid regular wages, liquidated damages or pre-judgment interest, post-judgment interest and attorneys' fees and costs from Defendant.

6. Plaintiff will request the Court to authorize concurrent notice to all hibachi chefs who are employed by Defendant or who were so employed during the liability period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## II.   JURISDICTION

7. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337.

## III.   VENUE

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) where Defendant may be deemed to reside because Defendant conduct business within the Southern District of Florida.

## IV.   PARTIES

### Plaintiff REMBERTO VASQUEZ

9. VASQUEZ was, at all material times, a resident of Broward County, Florida.

10. VASQUEZ, at all material times, was a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

11. Defendant employed VASQUEZ as a hibachi chef.

12. During the Liability Period, VASQUEZ, and all other similarly situated hibachi chefs, were required to work many hours without any compensation whatsoever. To wit: VASQUEZ, and all other similarly situated hibachi chefs, were required to arrive at work 30 minutes prior to their shift to prepare their food cart, but were not permitted to clock in until the

food cart was prepared. In addition, VASQUEZ and all other similarly situated hibachi chefs, at least one time or more per week, were required to clock out when they finished cooking for their last table, but were likewise required to remain at the restaurant until the customers had paid so that the tips could be counted, logged into a report and given to the managers.

13. During the Liability Period, VASQUEZ, and all other similarly situated hibachi chefs, complained to supervisors and managers alike about having to work without pay, but nothing was ever done remedy the problem.

**Defendant**

14. Defendant, BENIHANA NATIONAL CORP. (hereinafter, "BENIHANA") is a Foreign Corporation doing business in Palm Beach, Broward and Miami-Dade Counties, Florida, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the restaurant where VASQUEZ was employed.

15. At all times material hereto, BENIHANA is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

**V. GENERAL FACTUAL ALLEGATIONS**

16. The allegations in paragraphs 17 through 23 occurred during the liability period.

17. Defendant does not pay its chefs for all hours worked.

18. All chefs employed by Defendant are not exempt from the overtime requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1).

19. All chefs employed by Defendant are entitled to be paid their agreed upon wage for all hours worked.

20. There are numerous persons similarly-situated to Plaintiff who are, or were, employed as chefs for Defendant during the liability period.

21. During the liability period, Defendant willfully and recklessly required its chefs to work off the clock without compensation, as it was aware that this illegal practice was taking place, but did nothing whatsoever to remedy the problem and ensure that its hibachi chefs were paid for all hours worked.

22. During the liability period, many of the hours that the chefs worked without compensation were overtime hours because the chefs would frequently work more than forty hours per week.

23. During the liability period, some of the hours that the chefs worked without compensation were just regular (non-overtime) hours, because the chefs would sometimes work less than 40 hours per week.

## VI. FIRST CLAIM – Unpaid Overtime

24. The allegations in paragraphs 1-23 are incorporated by reference herein.

25. By its actions alleged above, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires overtime compensation wages to non-exempt employees, 29 U.S.C. § 207.

26. As a result of the unlawful acts of Defendant, Plaintiff and all persons similarly situated to him have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## VII. SECOND CLAIM – Unpaid Regular Hours (Non-Overtime)

27. The allegations in paragraphs 1-23 are incorporated by reference herein.

28. By its actions alleged above, Defendant willfully, knowingly and/or recklessly violated Florida common law, which requires that hourly employees be compensated their agreed upon wages for all hours worked.

29. As a result of the unlawful acts of Defendant, Plaintiff and all persons similarly situated to him have been deprived of several hours of wages each week, and are entitled to recovery of such amounts in addition to pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court:

A. To authorize the issuance of notice at the earliest possible time to all BENIHANA chefs who were employed by Defendant during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked hours off the clock without compensation during the Liability Period;

B. To declare that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. 207, as to the Plaintiff and persons similarly situated;

C. To declare that Defendant's violations of the FLSA to be willful;

D. To declare that Defendant's failure to pay Plaintiff and persons similarly situated violations the Florida common law;

E. To award Plaintiff, and other similarly situated current and former BENIHANA chefs, damages for the amount of the unpaid overtime wages, liquidated damages and unpaid regular wages, subject to proof at trial;

F.  If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G.  To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

H.  To award Plaintiff, and other similarly situated current and former BENIHANA chefs, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### Jury Demand

Plaintiff demands trial by jury.

Dated: July 9, 2014
Plantation, Florida

Respectfully submitted,

s/Robert S. Norell
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff