IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 14-61580-CIV-ROSENBERG/BRANNON

REMBERTO VASQUEZ, and all others
similarly situated,

    Plaintiff,

**Collective Action**

v.

BENIHANA NATIONAL CORP.,
a Foreign Corporation,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S
## VERIFIED MOTION FOR AWARD OF ATTORNEY'S FEES

THIS MATTER is before the Court upon Robert S. Norell, P.A.'s Verified Motion For Award Of Attorney's Fees And Reasonable Expenses Of Litigation (DE 32), filed herein by Plaintiff Remberto Vasquez. The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

Plaintiff brought this action against Defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (2006) (hereinafter FLSA"), for unpaid minimum and overtime wages. By prior Order (DE 31), the Court entered Judgment in favor of Plaintiff. Remberto Vasquez, as the prevailing party, now moves for attorney's fees and costs associated with the successful prosecution of this Action, pursuant to 29 U.S.C. § 216(b). See DE 32.

When a party moves to recover fees, the courts have a duty to make sure that such an award is reasonable. See Henslev v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of the exact amount of fees to award is vested in the sound discretion of the

Court. The guiding light for the Court's analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998 & West Supp. 2008)

To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate' has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303). Here Plaintiff requests an hourly rate of $350.00. In support of this hourly rate for Robert S. Norell, Esq., Plaintiff submits the Declaration Of Robert S. Norell In Support Of Motion For Award Of Attorney's Fees. DE 32-1.  Based on Mr. Norell's declaration, and his background, knowledge and experience in litigating cases within this District, the Court finds $350 per hour to be a reasonable hourly rate for Robert S. Norell, Esq.

Once the hourly rate is set, the Court must determine the reasonable number of hours expended by the attorney in the successful prosecution of the case. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The

burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See Id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees awarded. Id.

The Court has also reviewed the itemization of legal services submitted by the Plaintiff. See DE 32-2. Plaintiff seeks an award for a total of 14 hours expended by Mr. Norell. Although Defendant has filed objections to the 14 hours sought by Plaintiff, Defendant's argument is entirely premised upon authority that has been decided in the context of Rule 68 offers of judgment. Defendant argues, under the aforementioned authority, that the Court should consider pre-suit settlement negotiations in determining a reasonable fee, but the authority cited by Defendant addresses offers of settlement *during the pendency of an active lawsuit* and Defendant has provided no authority for the proposition that this Court should preclude Plaintiff's recovery for attorney's fees incurred prosecuting a filed lawsuit due to the specifics of pre-suit settlement negotiations. Moreover, by Defendant's own admission it would appear that Plaintiff *did* financially benefit by rejecting the pre-suit settlement negotiations, albeit by only a small amount. The Court therefore finds Plaintiff's requested amount of 14 hours to be a reasonable amount. Accordingly, the lodestar will thus be set at $4,900.00 ($350.00 x 14).

Plaintiff also moves for reimbursement of costs pursuant to 29 U.S.C. § 216(b) in the amount of $432.00 for the applicable filing fees and service of process. The Court finds these costs to be reasonable and allowable under 29 U.S.C. § 216(b). Thus, the Court shall award Plaintiff costs in the amount of $432.00.

Accordingly, after due consideration, it is

ORDERED AND ADJUDGED that Robert S. Norell, P.A.'s Verified Motion For Award Of Attorney's Fees And Reasonable Expenses Of Litigation (DE 32), filed herein by Plaintiff

Remberto Vasquez, be and the same is hereby GRANTED. Plaintiff does have and recover from Defendant Benihana National Corp. the sum of $4,900.00 in attorney's fees and $432.00 as costs incurred in the successful prosecution of this case, for a total of $5,332.00, for all of which let execution issue.

DONE AND ORDERED in Chambers at Fort Pierce, Florida, this 19th day of December, 2014.

ROBIN L. ROSENBERG
United States District Judge

cc: Counsel of Record